Perin McDermott v. Commissioner.
McDermott v. Commissioner
Docket No. 66030.
United States Tax Court
T.C. Memo 1959-67; 1959 Tax Ct. Memo LEXIS 189; 18 T.C.M. (CCH) 338; T.C.M. (RIA) 59067; March 31, 1959
*189 Alimony v. personal expenses: Rental payments. - In an agreement incorporated in a divorce decree, taxpayer-husband agreed that the wife should have the exclusive use of their residence, except that if she vacated the premises, he could take possession of the property and pay her the fair rental value, if he so desired. Two months after the divorce, the wife vacated and taxpayer re-entered the property and paid $50 a month to her as the fair rental value. The Tax Court held that these rental payments were not intended to be alimony. The agreement did not specify that these rental payments were alimony and taxpayer failed to explain why they were not specified as such. Therefore, the rental payments were a nondeductible personal expense. Perin McDermott, pro se, Eleventh Street, Cuyahoga Falls, Ohio. Maurice B. Townsend, Jr., Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined deficiencies of $155.99 and $156 in petitioner's income tax for 1954 and 1955, respectively. The only question presented for decision is whether certain payments totaling $600 made in each of the years constituted nondeductible *190 living expenses of the petitioner or constituted deductible alimony. Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioner resides at 2335 Eleventh Street, Cuyahoga Falls, Ohio, and filed his Federal income tax returns for 1954 and 1955 with the district director in Cleveland, Ohio. On or before August 22, 1952, the petitioner's then wife, Beatrice M. McDermott, filed an action in the Common Pleas Court of Summit County, Ohio, asking for a divorce. On August 22, 1952, the petitioner and Beatrice entered into a separation agreement which provided in part as follows: "WHEREAS, unfortunate circumstances have arisen rendering it impossible for said parties to continue to live together as husband and wife, and "WHEREAS, the said parties have agreed upon an immediate separation and the said Beatrice M. McDermott having filed an action in the Common Pleas Court of Summit County, Ohio, asking for a divorce, being Case No. 185,012, "NOW, THEREFORE, in consideration of the premise and the mutual promises herein contained, the said parties do hereby agree as follows: "1. Beatrice M. McDermott is to have, as part payment for alimony, *191 the household goods and furniture heretofore used by said parties in their residence, located at 2335 Eleventh Street, Cuyahoga Falls, Ohio, excepting therefrom, one single bed and one chest of drawers granted to and to be taken by Perin McDermott. If Beatrice M. McDermott shall offer any of her said furniture for sale, Perin McDermott shall be notified and given the first right to purchase the same. "2. Perin McDermott hereby agrees to pay to Beatrice M. McDermott, as and for alimony, the sum of Seventy Dollars $70.00 a month, payable in equal semimonthly installments, on the 1st and 15th of each month, beginning as and for the month of August, 1952, and said payments are to continue so long as Beatrice M. McDermott shall remain unmarried. "3. The title to the real estate owned by said parties constituting the residence of said parties and being located at the above mentioned address, and an extra lot adjacent thereto, is to remain in the joint names of said parties, with a provision that Beatrice M. McDermott is to have the right to the exclusive use and/or income of said property, free from any annoyance or molestation in any manner by Perin McDermott. Provided, however, that *192 in order to insure the maintenance of said residence, it is agreed that if for any reason, Beatrice M. McDermott vacates the same for a period of more than six weeks, Perin McDermott may take possession thereof for any additional period of vacancy and pay to her the reasonable net rental value thereof. Perin McDermott agrees to continue to pay the monthly mortgage payments until the said mortgage has been retired and to pay the taxes as the same accrue upon the said premises, and one half (1/2) of said monthly mortgage payment is to be considered as and for additional alimony to Beatrice M. McDermott. "It is further understood that in the event of the return of Mary Margaret McDermott, the daughter of the parties hereto, to Cuyahoga Falls, said daughter is to reside at the said premises with her mother. "In the event of the sale of the said premises, should the parties hereto be unable to agree upon additional support of Beatrice M. McDermott offsetting the right of occupancy of said premises, the question of additional support shall be submitted to the Common Pleas Court of Summit County, Ohio. * * *
"7. In the event of a divorce being granted to Beatrice M. McDermott, *193 a copy of this agreement shall be incorporated and made a part of such divorce decree." In December 1952, a decree divorcing the petitioner and Beatrice was entered. The above-mentioned separation agreement was incorporated in the decree. At the time of the divorce the petitioner and Beatrice jointly owned, and continuously thereafter to the time of the trial herein jointly owned, the residence property situated at 2335 Eleventh Street in Cuyahoga Falls, Ohio, mentioned in the separation agreement. Immediately following the divorce the petitioner vacated the property leaving Beatrice in possession thereof. Approximately 2 months after the divorce Beatrice vacated the property. Thereupon the petitioner reentered the property and continuously since that time has occupied it as his residence. Pursuant to the provisions of paragraph 3 of the separation agreement, the petitioner during each month of 1954 and 1955 paid to Beatrice $50, which amount represented the reasonable net rental value of the property. The payments thus made were rent paid by petitioner for the property which he occupied as his personal residence during 1954 and 1955. In his income tax returns for 1954 and 1955 *194 the petitioner deducted the abovementioned monthly payments to Beatrice of $50, or a total of $600, for each of the years as alimony paid to Beatrice. In determining the deficiencies the respondent determined that the payments did not represent alimony and accordingly disallowed the deduction of them. Opinion The parties have stipulated that the question presented to us for determination is whether the payments totaling $600 made by petitioner to Beatrice during each of the years 1954 and 1955 constituted nondeductible living expenses of the petitioner or constituted deductible alimony. The controversy between the parties involves the construction to be given the separation agreement, particularly that portion of paragraph 3 which provides as follows: "The title to the real estate owned by said parties constituting the residence of said parties and being located at the above mentioned address, and an extra lot adjacent thereto, is to remain in the joint names of said parties, with a provision that Beatrice M. McDermott is to have the right to the exclusive use and/or income of said property, free from any annoyance or molestation in any manner by Perin McDermott. Provided, *195 however, that in order to insure the maintenance of said residence, it is agreed that if for any reason, Beatrice M. McDermott vacates the same for a period of more than six weeks, Perin McDermott may take possession thereto for any additional period of vacancy and pay to her the reasonable net rental thereof. * * * The petitioner's position is that under the foregoing portion of the separation agreement the payments in question constituted additional alimony while the respondent's position is that such payments constituted nondeductible personal living expenses of the petitioner. Respecting the above-quoted provisions of paragraph 3 of the separation agreement, the petitioner testified that at the time he and Beatrice entered into the agreement he did not anticipate leaving his then employment or moving from the area in which the residence property was situated. He further testified that it was anticipated by him and Beatrice that she might vacate the property and that it was for that reason that provision was made in the agreement whereby after she had vacated the property for a period of more than 6 weeks he might take possession for any additional period of vacancy by Beatrice *196 and pay to her the reasonable net rental value of the property. In this connection it is observed that paragraph 1 of the separation agreement provided that Beatrice was to have, with certain exceptions, the household goods and furniture in the residence property. The household goods and furniture which she was to have are described in the agreement "as part payment for alimony." Paragraph 2 of the agreement provided for the payment by petitioner of $70 monthly to Beatrice. Such payment is described in the agreement as "as and for alimony." Paragraph 3 of the agreement provided that petitioner would make the monthly payments on a mortgage on the residence property until the retirement of the mortgage and pay the taxes on the property. The agreement provided that one-half of the monthly payment on the mortgage "is to be considered as and for additional alimony" to Beatrice but did not provide that any portion of the taxes on the property was to be so regarded. From the foregoing, it appears that when property or payments to be made by petitioner were intended by the parties to be alimony to Beatrice they so stated in the separation agreement. The petitioner offers no explanation as *197 to why the agreement fails to specify that the payments here in controversy were alimony if, as his contention implies, it was his and Beatrice's intention that they were to be alimony. Nor do we find in the record any explanation of the failure of the agreement in the foregoing respect. From a consideration of the evidence bearing on the matter, we are of the opinion that by the above-quoted portion of paragraph 3 of the separation agreement, Beatrice, as part of the property settlement of the parties, acquired "the right to the exclusive use and/or income of said [residence] property, free from any annoyance or molestation in any manner" by petitioner; that having acquired such rights and if for any reason she vacated the property for a period of more than 6 weeks, the petitioner might, but was not required to, take possession of the property for any additional period of vacancy by Beatrice; that if petitioner did take possession of the property, he was required to pay to Beatrice "the reasonable net rental value of the property;" but if petitioner did not take possession of the property, he was not required to pay her anything with respect to it. Since in the situation presented *198 and Beatrice having vacated the property and petitioner thereafter to the time of the trial herein having been in possession of and having occupied the property as his personal residence, we have concluded and found as a fact that the payments here in controversy constituted rent paid by petitioner to Beatrice for the use of the property. Rent paid by a taxpayer with respect to property used by him as his personal residence is a nondeductible living expense of the taxpayer. The respondent's disallowance of the deductions in question is sustained. Decision will be entered for the respondent.